IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EVELYN RIVERA-COLON, et al

Plaintiffs

v.

PEDRO TOLEDO-DAVILA, et al

Defendants

**Civil No. 08-1590 (SEC)**

**OPINION and ORDER**

Pending before this Court is Plaintiffs' motion for reconsideration (Docket # 154), which Defendants have not opposed. After considering the pleadings, and the legal arguments contained therein, the motion for reconsideration shall be **GRANTED**.

**Factual Background**

The facts giving rise to the present action are spelled out in this Court's Opinion & Order (Docket # 152) of March 24, 2010. On said date, this Court dismissed claims made by Plaintiffs against supervisory Co-defendants Pedro Toledo-Davila ("Toledo") and Wally Matos ("Matos"). Plaintiffs claims for false arrest were also dismissed.

Shortly thereafter, the present, unopposed, motion for reconsideration was filed. It argues that the Opinion & Order was too strict in its application of the failure to state a claim standard (under Fed. R. Civ. P. 12(b)(6)) to Plaintiffs' claims of supervisory liability and false arrest. Furthermore, Plaintiffs allege that evidence from depositions taken after the motions were pled shows that Toledo and Matos were aware of allegations of police brutality in Villa Cañona during the period relevant to this suit. Plaintiffs argue that this newly introduced evidence from the discovery process warrants reconsideration of the dismissal of their claims against Toledo and Matos. Both of these arguments will be considered in turn.

**CIVIL NO. 08-1590 (SEC)**                                                                 2

**Standard of Review**

FED. R. CIV. P. 59(e) allows a party, within ten (10) days of the entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004) (citations omitted).  In exercising that discretion, courts must balance the need for giving finality to judgments with the need to render a just decision.  Id. (citing Edward H. Bolin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993)).

Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence."  F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)).  Rule 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal theories. Bogosonian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003).

**Applicable Law and Analysis**

*Toledo and Matos Supervisory Liability*

This Court dismissed claims for supervisory liability against Toledo and Matos on the premise that Plaintiffs' pleadings failed to establish a sufficient link between the aforementioned police officials and the alleged civil rights violations. See Docket # 152 at 6-8. Plaintiffs now ask for reconsideration of said ruling, and in doing so proffer new evidence from depositions where Toledo and Matos admitted to having had knowledge of complaints of police abuse in Villa Cañona during the relevant period.  See Dockets ## 154-2 at 120 & 154-3 at 36.

**CIVIL NO. 08-1590 (SEC)** 3

On reconsideration, it appears that Toledo and Matos' declarations suggest that they were aware of the general background of events in Villa Cañona and that they were consulted regarding the same. As stated in this Court's previous Opinion & Order, supervisory responsibility can only constitute a claim under Section 1983 if "(1) the behavior of [his] subordinates results in a constitutional violation, and (2) the [supervisor]'s action or inaction was affirmative[ly] link[ed] to that behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." Pineda v. Toorney, 533 F.3d 50, 54 (1st Cir. 2009)(citing Lipsett v. University of Puerto Rico, 864 F.2d 881, 902 (1st Cir. 1988)). Encouragement, condonation, or acquiescence can be shown in situations where, a supervisor was aware of the risk of constitutional violations, but conscientiously took no acts to remediate the situation. Rodriguez-Rivero v. Toledo-Davila, 2009 U.S. Dist. LEXIS 102885 (D.P.R. 2009).

In dismissing claims against Toledo and Matos, this Court concluded that the pleadings had not plausibly linked the pair as having any knowledge or supervisory involvement with the events giving rise to this complaint. Accordingly, this Court found that the claims against Toledo and Matos had not risen above the speculative level, as required in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960, 173 L. Ed. 2d 868 (2009). At said juncture, the depositions were not included in the pleadings,[1] and did not factor into the previous ruling.

The depositions appear to contradict Defendants' prior theory that Toledo and Matos were not familiar with the events occurring in Villa Cañona. Furthermore, their acknowledgment of at minimum tangential knowledge of risks of constitutional violations clearly suggests that Plaintiffs' case for supervisory liability is more than merely speculative.

---

[1] Defendants have not opposed their present inclusion.

**CIVIL NO. 08-1590  (SEC)**                                                                          4

This matter is far from resolved, but must be reserved for summary judgment pleadings or trial. Accordingly, Plaintiffs' motion for reconsideration on these grounds is **GRANTED**, and those claims against Toledo and Matos dismissed on the basis of supervisory liability shall be reinstated.

*Forth Amendment False Arrest*

Plaintiffs allege that this Court erred in concluding that they were not subject to government seizure of their personal liberty sufficient to trigger the Fourth Amendment's protections against false arrest and detention. Seizure or restraint under the fourth amendment requires something more than a consensual encounter. The Supreme Court has established that, "[o]nly when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may [the courts] conclude that a 'seizure' has occured." Terry v. Ohio, 392 U.S. 1, 20 (1968).

Case law after Terry has refined this concept, punctualizing that "[w]hen compliance with a [police] request is required, the request is more accurately described as a demand." U.S. v. Velazco-Durazo, 372 F.Supp. 2d 520, 525 (D. Ariz. 2005).  This is contrasted with voluntary cooperative questioning, which is not considered a seizure. U.S. v. Drayton, 536 U.S. 194, 204 (2002). Accordingly, the necessary question in determining whether an illegal seizure has taken place is if it is somehow coercive or confrontational. The use of force is oftentimes indicative of this, because it implies an officer intentionally restricted a citizen's freedom of movement, but a totality of the circumstances test prevails.  The case at bar involves a variety of circumstances  where Plaintiffs allege they were detained and subjected to the use of coercive police force.

On reconsideration, this Court concludes that the pleadings allow for an inference that Plaintiffs were subject to an unreasonable seizure, and that their privacy rights protected by the

**CIVIL NO. 08-1590 (SEC)** 5

Fourth Amendment were potentially violated. This issue therefore may not be disposed of at the pleadings stage as it requires evidence regarding the circumstances surrounding the events. Accordingly, Plaintiffs' Motion for Reconsideration on this point of law is **GRANTED**.

**Conclusion**

For the reasons stated above, Plaintiffs' motion for reconsideration is **GRANTED**. Toledo and Matos shall once again be added as Defendants in the above captioned case.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of June, 2010.

*s/Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge